951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara M. GIFFORD, Plaintiff-Appellant,
v.
Louis W. SULLIVAN,** Defendant-Appellee.
 No. 88-15415.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of California; No. CV-84-47-EJG, Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before: HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Barbara M. Gifford appeals pro se the district court's order granting summary judgment in favor of the Secretary of Health and Human Services (Secretary). The Secretary concluded that Gifford's disability onset date was August 1, 1984. Gifford contends that the district court erred by adopting the Secretary's conclusion because substantial evidence supported an earlier disability onset date. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 This court reviews the district court's grant of summary judgment de novo. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). In reviewing the Secretary's conclusion regarding the onset date of disability, the question is "whether the onset date actually chosen is supported by substantial evidence, not whether another date could reasonably have been chosen.... The burden of proof rests upon the claimant." Id. Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989) (citations omitted).
 
 
 4
 Here, Gifford submitted her medical records dating from 1982 to 1985 to support her claim of disability.[2] In addition, the Administrative Law Judge (ALJ) procured the impartial medical opinion of Dr. McHenry based on his evaluation of medical reports submitted by Drs. Takeda, Polhemus and DeMattei. These medical reports indicated that Gifford suffered from a severe heart condition in 1985. After reviewing the three reports, Dr. McHenry concluded that the onset date of Gifford's heart condition was June 1, 1986, and that the onset date of her circulation impairment was in 1982.
 
 
 5
 Medical reports submitted by Gifford's vascular surgeon, Dr. Clayson, indicated that in 1982, Gifford suffered from circulatory problems. Nevertheless, in August 1982, Dr. Clayson indicated that Gifford's condition had improved after surgery to relieve her symptoms.[3] In August 1984, Gifford's medical record indicated that her circulatory problems were resurfacing. Gifford experienced severe pain in her right leg and neck. She was unable to walk short distances and reported frequent episodes of falling. At that time, Gifford was 57 years old and classified as being of "advanced age." See 20 C.F.R. 416.964.
 
 
 6
 After reviewing the entire record on remand, the Secretary determined that Gifford's disability onset date was August 1, 1984.[4] The Secretary based its conclusion on the August 1984 medical report and concluded that by August 1984, Gifford's condition had deteriorated to the extent that she was limited to sedentary work activities. This limitation, combined with her age and past relevant work history, rendered Gifford "disabled" under the regulations. See 20 C.F.R. 416.920(f). The Secretary's finding was supported by substantial evidence in the record. See Magallanes, 881 F.2d at 754.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Louis W. Sullivan is substituted for Otis R. Bowen pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gifford also argues that the district court failed to consider her objections to the Magistrate's Report and Recommendation. Because we review de novo, Gifford's objections are considered
 
 
 [2]
 Gifford originally applied for disability benefits in 1982. The Secretary denied her application and Gifford appealed to the district court. The district court remanded to the Secretary with instructions to review new medical reports submitted in 1985
 
 
 [3]
 According to Dr. Clayson, Gifford's surgery was successful. Her condition improved to the point where she was able to care for her husband after his heart attack
 
 
 [4]
 The Secretary expressly rejected Dr. McHenry's opinion relating to the onset date of Gifford's circulatory impairment because the opinion was not supported by the objective medical data, which indicated that Gifford's condition was surgically corrected in 1982. Thus, the Secretary specifically concluded that Gifford's circulatory impairment did not last at least 12 continuous months and could not have been an independent cause of disability. This conclusion was supported by substantial evidence in the record. See Magallanes, 881 F.2d at 754